

A CERTIFIED TRUE COPY

MAY - 8 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
MAY - 8 2007

FILED
CLERK'S OFFICE
2007 MAY -9 A 10: 01
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**RELEASED FOR PUBLICATION**

**DOCKET NO. 1828**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

***IN RE IMAGITAS, INC., DRIVERS' PRIVACY PROTECTION ACT LITIGATION***

3:07-md-2-J-32TEM

***BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA,[*] JUDGES OF THE PANEL***

### TRANSFER ORDER

This litigation currently consists of eight actions in the following districts: two actions each in the District of Massachusetts and the Northern District of Ohio, and an action each in the Middle District of Florida, the District of Minnesota, the Western District of Missouri, and the Southern District of New York as listed on Schedule A.[1] Defendant Imagitas, Inc. (Imagitas) moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Northern District of Ohio. Plaintiffs in three actions originally supported centralization in the Northern District of Ohio but, at oral argument, changed their preferred transferee district to the Middle District of Florida.[2] Plaintiffs in six actions oppose centralization but, alternatively, support transfer to the Middle District of Florida.[3]

On the basis of the papers filed and hearing session held, the Panel finds that these eight actions involve common questions of fact, and that centralization under Section 1407 in the Middle District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions are putative nationwide and/or statewide class

---

[*] Judge Scirica took no part in the decision of this matter.

[1] The Panel has been notified of four additional related actions pending in the following districts: the Middle District of Florida, the Southern District of Florida, the District of Minnesota, and the Western District of Missouri. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Supporting transfer to the Middle District of Florida are plaintiffs in the *Mathias* actions in the District of Massachusetts and the Northern District of Ohio and plaintiff Landree in the constituent District of Minnesota action, which is a consolidated action.

[3] Plaintiffs in the constituent Middle District of Florida and Western District of Missouri actions, the Southern District of New York action, the District of Massachusetts *Kendron* action, and the Northern District of Ohio *Bogard* action, and plaintiff Kracum in the consolidated District of Minnesota action oppose transfer but alternatively support centralization in the Middle District of Florida.

actions that share factual questions concerning the propriety of Imagitas's performance of certain contracts involving the departments of motor vehicles of six states. All actions allege that Imagitas violated the Drivers' Privacy Protection Act, 18 U.S.C. §§ 2721, *et seq.* Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to issues of class certification), and conserve the resources of the parties, their counsel and the judiciary.

Objecting plaintiffs argue that Section 1407 centralization is not needed because the actions do not involve issues of sufficient complexity and that voluntary coordination among the parties is preferable to centralization. We disagree. The eight actions before the Panel contain competing class allegations and involve allegations that could spawn challenging procedural questions and pose the risk of inconsistent and/or conflicting rulings. While we applaud every cooperative effort undertaken by parties to any litigation, transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can ensure that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the judiciary.

We are of the view that the Middle District of Florida is an appropriate transferee forum for this docket. The constituent action pending in the Middle District of Florida, which was the first action filed, is relatively more procedurally advanced than the other actions. By selecting Judge Timothy J. Corrigan to serve as transferee judge, we are assigning this docket to a jurist already familiar with the contours of the litigation and able to steer this matter on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Middle District of Florida and listed on Schedule A are transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable Timothy J. Corrigan for coordinated or consolidated pretrial proceedings with the action already pending in that district and listed on Schedule A.

FOR THE PANEL:

/s/ Wm. Terrell Hodges
───────────────────────
Wm. Terrell Hodges
Chairman

# SCHEDULE A

<u>MDL-1828 -- In re Imagitas, Inc., Drivers' Privacy Protection Act Litigation</u>

<u>Middle District of Florida</u>

*Marvin N. Rine, et al. v. Imagitas, Inc.*, C.A. No. 3:06-690

<u>District of Massachusetts</u>

*John J. Kendron, et al. v. Imagitas, Inc.*, C.A. No. 1:06-11893
*Neil Mathias v. Imagitas, Inc.*, C.A. No. 1:06-12061

<u>District of Minnesota</u>

*David R. Kracum, et al. v. Imagitas, Inc.*, C.A. No. 0:06-3817

<u>Western District of Missouri</u>

*Harvey W. Ressler, et al. v. Imagitas, Inc.*, C.A. No. 4:06-775

<u>Southern District of New York</u>

*Raymond A. Joao v. Imagitas, Inc.*, C.A. No. 1:06-13367

<u>Northern District of Ohio</u>

*Neil Mathias, et al. v. Imagitas, Inc.*, C.A. No. 1:06-2118
*Jeannine Bogard, et al. v. Imagitas, Inc.*, C.A. No. 5:06-2868