UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MDL Docket No. 1828

IN RE: IMAGITAS, INC., DRIVERS'   CASE NO. 3:07-md-2-J-32HTS
PRIVAL PRIVACY PROTECTION ACT

**O R D E R**

This cause is before the Court on Plaintiffs' Motion to Compel (Doc. #73; Motion), filed on December 18, 2007. The Motion is opposed. *See* Imagitas, Inc.'s Opposition to Plaintiffs' Motion to Compel (Doc. #79; Opposition), filed on January 3, 2008.

On July 6, 2007, a Scheduling Order (Doc. #26; Scheduling Order) was entered setting a deadline of July 13, 2007, for the "[p]ropounding of written discovery requests (limited to issues that will inform the upcoming summary judgment practice)[.]" Scheduling Order at 1; *see also* Motion at 1. Accordingly, "Plaintiffs served discovery requests on July 13, 2007[,]" and documents were produced "on August 15, 2007." Motion at 1. Subsequently, Plaintiffs noticed "a document . . . which was attached as support for Imagitas's motion for summary judgment, but was never produced in discovery." *Id.* at 2. Correspondence

between the parties initiated shortly after the summary judgment motion was filed resulted in disagreement as to what further steps, if any, Imagitas, Inc. should take to furnish additional documents. *See id.* at 2-3.

The timing of the Motion is worth noting. As Defendant observes, "Plaintiffs chose to brief summary judgment without raising any discovery concerns to the Court." Opposition at 1; *see also id.* at 14 ("Despite being told exactly how Imagitas intended to respond to their overbroad requests, Plaintiffs waited four months, until after summary judgment briefing was complete, to raise this issue with the Court."); *cf.* Rule 56(f) (continuance for further discovery can be granted where the party opposing summary judgment has shown it possesses insufficient facts to justify its opposition). This is particularly significant in that discovery has been "limited to issues" bearing on "summary judgment practice[.]" Scheduling Order at 1.

Moreover, Plaintiffs have failed to comply with Rule 3.04, Local Rules, United States District Court, Middle District of Florida. Rather than quoting the requests for production at issue, along with the objections, and stating the reasons the Court should grant relief, they refer generally to "the requested documents" and assert "some . . . may be relevant to issues raised[.]" Motion at 4; *cf.* Defendant's Responses to Discovery to Defendant Imagitas,

attached as Exhibit A, Part 1 to the Opposition (revealing that objections were in fact interposed).

Accordingly, upon due consideration, it is

**ORDERED:**

The Motion (Doc. #73) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of January, 2008.

/s/         Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record and
    pro se parties, if any